## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| FRED HENDERSON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 4:20-CV-1871 NAB |
| KILOLO KIJAKAZI, Commissioner of the Social Security Administration,[1] | ) ) ) ) ) |
| Defendant. | ) ) |

### MEMORANDUM OPINION AND ORDER

This case is before the Court on Commissioner Kilolo Kijakazi's ("the Commissioner's") Motion to Reverse and Remand the case to the Commissioner for further administrative action pursuant to sentence four of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g). (Doc. 31). Plaintiff has filed a response stating that he has no objection to the motion. (Doc. 32). The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c)(1). (Doc. 9). Having fully considered the arguments set forth by the Commissioner, the Court grants the Motion to Reverse and Remand.

On December 28, 2020, Plaintiff filed a complaint seeking review of the Commissioner's decision that Plaintiff was not under a disability within the meaning of the Social Security Act. (Doc. 1). The Commissioner filed the answer and a certified administrative transcript on June 22,

---

[1] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi should be substituted, therefore, for Andrew Saul as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

2021. (Docs. 16, 17). Plaintiff filed his brief in support of the Complaint on November 18, 2021. (Doc. 26).

On February 15, 2022, the Commissioner filed the instant motion to reverse and remand the case to the Commissioner for further action under sentence four of section 205(g) of the Social Security Act, which permits the court "to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). The Commissioner represents in the motion that upon review of the record, remand is needed in this case to allow the administrative law judge ("ALJ") to re-evaluate Plaintiff's subjective complaints and opinion evidence. (Doc. 31 at 1). The Commissioner states that "[u]pon remand, the ALJ will be instructed to update the administrative record, including Plaintiff's medical records; assess whether Plaintiff's thoracic spine disorder is severe; evaluate whether any of Plaintiff's impairments, either singly or in combination, meet or medically equal the requirements of any impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; if Plaintiff is not disabled at step three, further assess Plaintiff's maximum residual functional capacity (RFC); and take any other action necessary to complete the administrative record. On remand, Plaintiff will have the opportunity to submit additional evidence and request a new hearing." *Id.* at 1-2.

Upon review of the Plaintiff's Complaint, the administrative transcript, and the Commissioner's motion, the court agrees with the parties that this case should be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g).

Accordingly,

**IT IS HEREBY ORDERED** that the Commissioner's Motion to Reverse and Remand (Doc. 31) is **GRANTED**.

**IT IS FURTHER ORDERED** that a Judgment of Reversal and Remand will issue contemporaneously herewith remanding this case to the Commissioner of Social Security for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

**IT IS FURTHER ORDERED** that upon entry of the Judgment, the appeal period will begin which determines the thirty day period in which a timely application for attorney's fees under the Equal Access to Justice Act, 28 U.S.C. § 2412, may be filed.

_____
NANNETTE A. BAKER
UNITED STATES MAGISTRATE JUDGE

Dated this 18th day of February, 2022.